IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH P. CARDAMONE,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>MURRAY MANAGEMENT, INC., and<br>JOANNE TOTH,<br><br>　　Defendants. | CIVIL ACTION NO. 3:05-CV-0679<br><br>(JUDGE CAPUTO) |

### MEMORANDUM

Presently before the Court is Defendants' Rule 12(B)(6) Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. 4). Plaintiff has failed to file a Brief in Opposition to the present Motion. For the reasons set forth below, following a merits analysis of the Motion, I will grant the Motion in part and deny it in part. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### BACKGROUND

Plaintiff Joseph P. Cardamone filed a four-count Complaint, *pro se*, on April 4, 2005. (Doc. 1.) In the Complaint, Plaintiff brings claims against Defendant Murray Management, Inc. ("Murray") for gender discrimination and harassment in violation of Title VII, 42 U.S.C. § 2000e-2(a), and the Pennsylvania Human Relations Act ("PHRA"); and against Defendant Toth for violation of the PHRA and intentional infliction of emotional distress. *Id.* The Complaint was not served on Defendants until August 5, 2005. On August 24, 2005, Defendants filed the present Motion to Dismiss. (Doc. 4.) Plaintiff has failed to file a Brief in Opposition, which was due by September 12, 2005.

1

This matter is now ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v.*

*Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

The Third Circuit Court of Appeals has emphasized a policy of liberally interpreting *pro se* complaints, so Plaintiff's complaint should be held to less stringent standards than formal pleadings drafted by lawyers.  *See Weaver v. Wilcox*, 650 F.2d 22, 26 (3d Cir. 1981); *Henderson v. Fisher*, 631 F.2d 1115, 1117 (3d Cir. 1980); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

## DISCUSSION

**1.      Violation of the Pennsylvania Human Relations Act (PHRA)**

In Count III, Plaintiff sets forth a PHRA claim against Defendant Toth in her individual capacity.  Defendants contend that because Plaintiff named only Defendant Murray in the caption of his complaint with the Pennsylvania Human Relations Commission ("PHRC"), he has failed to exhaust his administrative remedies with respect to Defendant Toth.  For the following reasons, I disagree.

First, the Court notes that Defendants have attached a copy of Plaintiff's complaint filed with the PHRC, as an exhibit to their Motion. (Doc. 5, Ex. A.)  As Defendants correctly note, this Court may review certain matters outside the Complaint when considering a motion to dismiss.  *See* FED. R. CIV. P. 12(b)(6).  Specifically, the Court of Appeals for the Third Circuit has ruled that the Court may also consider and take judicial notice of "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben.*

3

*Guar. Corp. v. White Consol. Ind., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Therefore, I will take notice of Plaintiff's PHRC complaint, and continue to treat Defendants' motion as a Motion to Dismiss.

Next, although the enforcement provisions of the PHRA state that any complaint filed with the PHRC must "be so filed within one hundred eighty days after the alleged act of discrimination," 43 PA. CONS. STAT. § 959(h) (2005), an exception to the exhaustion requirement has been recognized for an unnamed party, where the party was effectively given notice. The United States District Court for the Eastern District of Pennsylvania, in *Kunwar v. Simco*, 135 F. Supp. 2d 649 (E.D. Pa. 2001), aptly detailed the exception. There the court explained:

> Generally, an employee must exhaust all administrative remedies by filing a charge of discrimination with the appropriate state or federal agency before filing suit under Title VII or the PHRA. *See, e.g., Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). In exhausting her administrative remedies, the plaintiff is required to name all persons alleged to have committed acts of discrimination. *See* 42 U.S.C. § 2000e- 5(f)(1); 43 P.S. § 959. The purpose behind this rule is to alert the implicated parties and to encourage an informal conciliation process in lieu of trial. *See Dreisbach v. Cummins Diesel Engines, Inc.*, 848 F. Supp. 593, 595 (E.D. Pa. 1994). There are, however, circumstances under which a plaintiff may be permitted to sue a party not specifically named in the administrative charge. The Third Circuit has recognized this exception to the exhaustion requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Board of Public Educ.*, 903 F.2d 243, 252 (3d Cir. 1990); *see also Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir. 1980) (stating four-part test for exception to exhaustion requirement). As a result of this exception, district courts have permitted discrimination suits to go forward, notwithstanding imperfect exhaustion, in a variety of situations.

4

*Id.* at 653-54 (citations omitted).

In the present case, Plaintiff's PHRC complaint, although mentioning only Defendant Murray in the caption, alleges in the body of the complaint that "Joanne Toth, female vice-president, told [Plaintiff] that her future plans had no male at the top," and that she further told Plaintiff, "that she was more comfortable dealing with women rather than males."  (Doc. 5, Ex. A at 2.)  Therefore, although Defendant Toth was not specifically named in Plaintiff's PHRC complaint, I find that she was sufficiently put on notice.  Therefore, Plaintiff has exhausted his administrative remedies with respect to Defendant Toth.  As such, Defendants' Motion to Dismiss will be denied with regard to this claim.

**2.    Emotional Distress**

Count IV of the Complaint is titled, "Emotional Distress, Plaintiff v. Defendant Murray," and sets forth a claim for intentional infliction of emotional distress against Defendant Murray.  (Doc. 1 ¶¶ 49-50.)  Defendants contend that the Pennsylvania Workers' Compensation Act, 77 PA. CONS. STAT. § 1, *et seq.*, bars Plaintiff's claim.  I agree.

The Workmen's Compensation Act is the sole and exclusive means of recovery against employers for all injuries occurring within the course of employment.  77 PA. CONS. STAT. § 481(a) (2005).  The "exclusivity provision of the Workmen's Compensation Act essentially 'bars tort actions flowing from any work-related injury.'"  *Santiago v. Pennsylvania Nat'l Mut. Casualty Ins. Co.*, 613 A.2d 1235, 1239 (Pa. Super. 1992) (quoting *Kline v. Arden H. Verner Co.*, 469 A.2d 158, 160 (Pa. 1983)).  Moreover, in

5

*Poyser v. Newman & Co., Inc.*, 522 A.2d 548 (1987), the Supreme Court of Pennsylvania held that the exclusivity provision of the Workmen's Compensation Act bars a common law action against an employer to recover damages for an intentional tort. *Id.* at 551; *see also Kinnally v. Bell of Pa.*, 748 F. Supp. 1136, 1143 (E.D. Pa. 1990) (finding that the Workmen's Compensation Act barred the plaintiff's common law claim for intentional infliction of emotional distress). As such, Plaintiff's intentional infliction of emotional distress claim in Count IV of the Complaint is barred as a matter of law, and Defendants' Motion to Dismiss will be granted with regard to this claim.

## CONCLUSION

First, although Plaintiff's PHRC complaint fails to name Defendant Toth, the allegations in the body of the complaint were sufficient to put Defendant Toth on notice. Plaintiff has exhausted his administrative remedies with respect to Defendant Toth. As such, Defendants' Motion to Dismiss will be denied with regard to Count III of Plaintiff's Complaint. Second, the exclusivity provision of the Workmen's Compensation Act bars Plaintiff's intentional infliction of emotional distress claim. Therefore, Defendants' Motion to Dismiss will be granted with regard to Count IV of Plaintiff's Complaint.

An appropriate Order will follow.

| | |
|---|---|
| December 19, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH P. CARDAMONE, | |
| Plaintiffs, | CIVIL ACTION NO. 3:05-CV-0679 |
| v. | (JUDGE CAPUTO) |
| MURRAY MANAGEMENT, INC., and JOANNE TOTH, | |
| Defendants. | |

## ORDER

**NOW**, this ___19th___ day of December, 2005, **IT IS HEREBY ORDERED** that Defendants' Rule 12(B)(6) Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. 4) is **GRANTED in part** and **DENIED in part**:

(1) Defendants' motion is **GRANTED** with respect to Count IV (Emotional Distress) of Plaintiff's Complaint. Count IV is **DISMISSED**.

(2) Defendants' motion is **DENIED** with respect to Count III (Violation of the Pennsylvania Human Relations Act) of Plaintiff's Complaint.

      /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge